**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**1:13-cv-221-FDW**

| | |
|---|---|
| SCOTT REICH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| ) | |
| STATE OF NORTH CAROLINA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on an initial review of the petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. See Rule 4 Governing Section 2254 Cases.

### I.   BACKGROUND

On October 2, 2008, Petitioner was convicted of first-degree murder by a jury in Rutherford County Superior Court, and he was sentenced to life imprisonment without the possibility of parole. The North Carolina Court of Appeals affirmed his conviction and sentence in an opinion filed on February 2, 2010. State v. Reich, 202 N.C. App. 374, 690 S.E.2d 769 (Table) (N.C. Ct. App. 2010). Petitioner did not seek review by the North Carolina Supreme Court nor did he file a motion for appropriate relief (MAR) with the state superior court in Rutherford County.

Instead, Petitioner has filed a habeas petition in this Court wherein he contends that newly discovered evidence, which he asserts was withheld from him by his state trial attorney and the state, tends to show that he may be actually innocent of first degree murder. Petitioner attaches several photographs and handwritten statements which he submits in an effort to explain

1

the significance of the photographs. Petitioner also attaches correspondence from his state trial counsel and an order from the state superior court which denies his motion to compel the production of discovery which he filed in his closed criminal case. The order finds that because there is no pending state criminal action or motions in Petitioner's case his motion for discovery should be denied. (Doc. No. 1-2).

## II. DISCUSSION

The Court first observes that Petitioner, by his own admission, has not presented the information he attaches to his § 2254 petition to the state superior court. Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a petitioner must exhaust his available state remedies before he may pursue habeas relief in federal district court. 28 U.S.C. § 2254(b)(1) provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(A) & (B).

The requirement of exhaustion can promote comity between the state and federal systems only if state courts have a meaningful opportunity to oversee their own criminal proceedings. Rose v. Lundy, 455 U.S. 509, 515-516 (1982). The petitioner bears the burden of proving exhaustion. See Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998). In sum, habeas review in federal court will be available to a petitioner only if he has provided the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented through a habeas petition in federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). See also Cullen v. Pinholster, 131 S. Ct. 1388, 1401 (2011) (finding that a federal court may not consider

new evidence in support of a claim, when that evidence has not been presented in support of the claim in state court).

In North Carolina, a petitioner exhausts his available state remedies, as is relevant in the present case, by filing a MAR in state court and if denied, the petitioner may file a petition for a writ of certiorari with the North Carolina Court of Appeals to review the order denying the MAR. Petitioner concedes that he did not file a MAR with the state superior court in an effort to present what he contends is newly discovered evidence. See N.C. Gen. Stat. § 15A-1411 through 23. For the reasons stated herein, the Court finds that Petitioner has failed to fully exhaust his state remedies. Accordingly, the Court will dismiss this habeas petition without prejudice to re-filing upon proper exhaustion.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's petition for a writ of habeas corpus, (Doc. No. 1), is **DISMISSED** without prejudice as unexhausted;

2. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim

3

of the denial of a constitutional right).

The Clerk of Court is directed to close this civil case.

Signed: January 15, 2014

Frank D. Whitney
Chief United States District Judge